TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN (Cal. Bar No. 300847)
GAVIN L. GREENE (Cal. Bar No. 230807)
Assistant United States Attorneys
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-0805 / -4600
E-mail: Paul.Green@usdoj.gov
Gavin.Greene@usdoj.gov

Attorneys for Petitioner
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>MICHELLE BAASS, Director, California Department of Health Care Services,<br><br>Respondent. | No. 2:25-mc-00083-JLS-SSC<br><br>**UNITED STATES' OBJECTION TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE [19]**<br><br>Honorable Josephine L. Staton<br>United States District Judge |

## I. INTRODUCTION

The United States of America respectfully objects to the March 4, 2026 Report and Recommendation (R&R) (Dkt. 19) that the Court deny the petition to enforce the administrative subpoena issued by Homeland Security Investigations (HSI). The R&R recommended denial of the petition based on two principal grounds – *first*, because the State of California cannot be criminally prosecuted under 8 U.S.C. § 1324(a)(1)(A)(iv) and Congress has authorized the State to use its own funds to provide nonemergency medical care for individuals without satisfactory immigration status; and *second*, because in *Peters v. United States*, 853 F.2d 692 (9th Cir. 1988), the Ninth Circuit held that the Immigration and Nationality Act did not authorize the issuance of a John Doe subpoena where the targets of a general investigation are unknown. The United States respectfully submits that neither of these grounds is a basis to deny the petition.

## II. ARGUMENT

### A. The Report and Recommendation Erred in Finding that the Subpoena Was Not Validly Issued

There is no dispute that the federal government exercises broad power over immigration, that HSI may issue administrative subpoenas pursuant to 8 U.S.C. § 1225(d)(4)(A) "concerning any matter which is material and relevant to the enforcement of [immigration laws]," that such authority is very broad, and that judicial review of an administrative subpoenas is limited. The R&R first relied on *E.E.O.C. v. Karuk Tribe Housing Authority*, 260 F.3d 1071 (9th Cir. 2001), for the proposition that "HSI lacks jurisdiction to prosecute California for violating § 1324(a)(1)(A)(iv)." Dkt. 19 at 8. But while Director Baass was served with the subpoena in her official capacity, as the Court noted, HSI has broad authority to investigate individual state officials, including Director Baass, for violations of the INA. *See United States Dep't of Just. v. Ricco Jonas*, 24 F.4th 718, 727 (1st Cir. 2022) ("courts have concluded that '[t]he service of a federal subpoena on an employee of an entity [that is protected by sovereign immunity], such as

the States of New Hampshire, 'is neither a suit, nor one against [the entity].") (quoting *United States v. Juvenile Male 1*, 431 F. Supp. 2d 1012, 1016 (D. Az. 2006)).

In *Karuk*, the Ninth Circuit considered whether the Age Discrimination in Employment Act (ADEA) applied to Indian Tribes as a matter of regulatory jurisdiction. *Karuk*, 260 F.3d at 1078. Specifically, the Court considered whether the ADEA, as a statute of general applicability that is silent on the question of applicability to Indian Tribes, (1) touches exclusive rights of self-governance in purely intramural matters; (2) the application of the law to the tribe would abrogate rights guaranteed by Indian treaties; or (3) there is proof by legislative history or some other means that Congress intended the law not to apply to Indians on their reservations. *Id.* at 1078-79. The Court concluded that because the employment relationship with the Tribe touched on "'purely intramural matters' related to the Tribe's self governance," *id.* at 1080, and because under such circumstances a statute will only apply to an Indian Tribe if Congress expressly so indicated, the ADEA does not apply to the Tribe. *Id.* at 1082 ("[W]e conclude that regulation of the employment relationship between the Housing Authority and Grant does 'touch[ ] exclusive rights of self-governance in purely intramural matters.'") (quoting *Donovan v. Coeur d'Alene Tribal Farm*, 751 F.2d 1113, 1116 (9th Cir. 1985)). Here, the HSI subpoena at issue does not implicate the intersection of administrative and Tribal law. In particular, it does not raise the question of when an Indian Tribe is subject to a law of general applicability that the Ninth Circuit addressed in *Karuk*. But even assuming the State is not subject to the INA, it is undisputed that state *officials* such as Director Baass are subject to federal immigration laws.

Respondents further respectfully submit that the R&R's reliance on the ability of California to use state funds to provide nonemergency medical care to individuals who lack satisfactory immigration status is misplaced. Indeed, as the petition made clear, the subpoena is in furtherance of an investigation into whether Director Baass facilitated the provision of nonemergency medical care to individuals with unsatisfactory immigration status, thereby inducing such individuals to remain in the country unlawfully, using

*federal* funds. *See* Dkt. 1 at 12 ("The Subpoena seeks applications for Medi-Cal benefits where the applicant did not answer yes to the question: "Does this person have satisfactory immigration status?" If an applicant answers no to that question and Respondent still facilitated the provision of medical care *and sought federal reimbursement for such services*, then that is relevant to whether Respondent knowingly and willfully induced illegal aliens to remain in the country unlawfully under section 1324.") (emphasis added). *See also* Dkt. 12 at 5 ("The Subpoena was served as part of an investigation into whether DHCS [California's Department of Health Care Services], through Respondent, is providing payments to providers for *federally* funded nonemergency medical care for individuals with unsatisfactory immigration status, thereby inducing illegal aliens to remain in the country unlawfully.") (emphasis added).

That Congress has authorized California to use state funds to provide nonemergency medical care to all individuals regardless of immigration status is irrelevant, as that fact does not foreclose the possibility – and even likelihood – that federal funds are also illegally being used for the same purpose. Indeed, as noted in the petition, the Department of Health and Human Services Office of the Inspector General recently found that DHCS improperly claimed tens of millions of dollars in federal Medicaid reimbursement for payments made on behalf of noncitizens with unsatisfactory immigration status. Available at: https://oig.hhs.gov/documents/audit/9894/A-09-22-02004.pdf. That DHCS may also lawfully do so using *state* funds does not obviate the need for an investigation as to the misuse of *federal* funds for the same purpose.

Ultimately, a subpoena recipient "may not avoid an administrative subpoena on the ground that it has a valid defense to a potential subsequent lawsuit" and cannot raise "factual challenges based on a lack of statutory 'coverage'" of a recipient's activities. *Karuk*, 260 F.3d at 1076-77; *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1429 (9th Cir. 1983) (en banc); *Donovan v. Shaw*, 668 F.2d 985, 989 (8th Cir. 1982) ("[A] subpoena enforcement proceeding is not the proper forum in which to litigate the question of coverage under a particular federal statute."); *United States v. Strum, Ruger*

*& Co.*, 84 F.3d 1, 5 (1st Cir. 1998) ("[Q]uestions concerning the scope of an agency's substantive authority to regulate are not to be resolved in subpoena enforcement proceedings."). To deviate from the longstanding rule that "an agency's investigations should not be bogged down by premature challenges to its regulatory jurisdiction," *Sturm, Ruger & Co.*, 84 F.3d at 5, would allow virtually every subpoena recipient to pre-litigate issues of potential liability or statutory coverage, stalling "much if not all of investigation in the public interest at the threshold of inquiry." *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 213 (1946); *see also Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 508-09 (1943). This Court should decline to allow Respondent to do so here.

### B. The United States maintains that *Peters* was wrongly decided

After finding that the subpoena was not properly issued to Director Baass because to do so would be akin to investigating the State for violations of the INA, the R&R concluded that *Peters v. United States*, 853 F.2d 692 (9th Cir. 1988), forecloses relief to the extent that it is a John Doe subpoena as to any unidentified noncitizens lacking satisfactory immigration status. But as discussed above and as set forth in the petition, California's Department of Health Care Services is an organization and person under the INA. Dkt. 12 at 7. More importantly, state officials such as Director Baass are individually subject to the INA.

Regardless, the R&R is correct that the United States maintains that *Peters* was wrongly decided. *See* R&R at 17; Dkt. 1 at 8-11; Dkt. 12 at 5-7. Indeed, as discussed in the petition and reply papers, the United States respectfully submits that *Peters* is inconsistent with both the text of the INA and the Supreme Court's decision in *United States v. Bisceglia*, 420 U.S. 141 (1975). Accordingly, the United States preserves its objection to the R&R's application of *Peters* for purposes of any future appeal.

## III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that its objections be sustained and that the Court grant its petition to enforce the subpoena.

Dated: March 18, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
DANIEL A. BECK
Assistant United States Attorney
Chief, Complex and Defensive Litigation Section

*/s/ Paul (Bart) Green*
PAUL (BART) GREEN
GAVIN L. GREENE
Assistant United States Attorneys

Attorneys for Petitioner
United States of America

Certificate of Compliance with L.R. 11-6.2

The undersigned, counsel of record for the United States, certifies that this brief contains 1,407 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 18, 2026

*/s/ Paul (Bart) Green*
PAUL (BART) GREEN